José Antonio Díaz Cáceres et al., Plaintiffs and Appellees, v. José A. Berríos, Defendant and Appellant.

No. R-66-175.        Decided May 22, 1972.

*Carmelo Ávila Medina* and *Roberto Ávila Rivera* for appellant.
*Arturo Ortiz Toro* and *R. Rodríguez Bonhomme* for appellees.

PER CURIAM: Appellant's liability for the serious injuries suffered by appellee Díaz Cáceres and the other appellees as a result of the collision of their automobile which was parked on Highway No. Two, Km. 9.6 upon being struck by a jeep driven by Félix Guillermo Díaz when the latter abandoned "the left lane of the two lanes along which traffic flows in the same direction because of a truck which was going in front of him, suddenly he passed to the right lane"

and collided with appellee Díaz Cáceres' vehicle "when the brakes did not respond", depends on whether or not appellant was the owner of the jeep when the accident occurred.

As to who was the owner of the jeep when the accident occurred, the trial judge made the following finding of fact:

"4.—That the driver of the vehicle that caused the accident, the defendant Félix Guillermo Díaz, had allegedly acquired the same from codefendant José A. Berríos, but the corresponding transfer had not been registered in the Motor Vehicles Bureau of the Department of Public Works, and there is no record in the Internal Revenue Office of Corozal that the transfer was carried out. The collector who signed the alleged transfer is not now an officer. Neither was any internal revenue voucher offered at the date of the alleged transfer."

Moreover, he made the following conclusion of law:

"3.—The defendant, José A. Berríos, was the owner of the vehicle that caused the accident. 'Owner of a vehicle' shall mean any natural or artificial person in whose name a vehicle is registered in the Department. . . . The owner of any motor vehicle shall be liable for the damages caused through the operation of said vehicle, there being fault or negligence, when the said vehicle is operated or is under the domain or control of any person who, for the principle purpose of operating it, or of making or permitting that the same be operated by a third person, obtains its possession through the express or implied authorization of the owner. In any case it shall be presumed, unless proven otherwise, that the person who operates or has under his domain or control a motor vehicle has obtained its possession with the authorization of its owner, for the principal purpose of operating it, or of making or permitting that the same be operated by a third person."

In order to determine whether these conclusions are correct, we must examine the evidence adduced on this particular.

Upon the commencement of the trial in this case, the trial judge informed that

". . . by agreement and stipulation of the parties meeting in chamber. . . . It is accepted that the vehicle described in the Complaint, on the date of the accident was registered in the Department of Public Works under the name of José A. Berríos Díaz and that five days before the said accident, a transfer of said vehicle had in fact been issued in favor of Félix Guillermo Díaz."

The then attorney for appellant informed that this was correct. Appellees' counsel said then that "Nevertheless, said transfer was [not] notified to the Department of Public Works, to the Automobile Section." To this the trial judge added the following: ". . . Well, without notice of the said transfer having been given to the Department of Public Works, the other agreements which we had mentioned remain, the parties and the court will hear evidence on the same, if the latter is admissible."

Part of the examination of Félix Guillermo Díaz Rivera, driver of the jeep vehicle was as follows:

"Mr. Bauzá Torres:

Q—That 'Land Rover' vehicle, license plates No. 776-854 that you were driving, you were operating on the date of the events, to whom did it belong?

A—It was mine.

Q—Yours?

A—Yes, sir.

Q—And from whom had you acquired it?

A—From José A. Berríos.

Q—At the time of the accident you say it was yours?

A—Yes, sir.

Q—How many days before had he passed the vehicle to you?

A—About a week.

Q—Before whom?

A—Before the Internal Revenue Collector.

Q—Where did you work at that time?

A—Italian Industries.

Q—And where did you live? Where did you live at that date?

A—In the Padilla Ward of Corozal.

Q—Those Industries where are they located?

A—In Candelaria.

Q—And you went there and came back every day?

A—Yes, sir.

Q—For that you need a vehicle?

A—Yes, sir.

Q—And for how much did you buy the vehicle from him? How was the transaction?

A—I gave him . . .

JUDGE:

It was acquired for consideration.

MR. BAUZÁ TORRES:

Nothing else, Your Honor.

MR. ABREU CASTILLO:

Q—You did not notify the transfer of the vehicle to the Department of Public Works?

A—No, sir.

MR. ABREU CASTILLO:

Q—Before whom did you make the oath of that license?

A—Before the Internal Revenue Collector, because money was owed on the jeep.

Q—Of what town?

A—Of Corozal.

Q—Are you absolutely sure that it is Corozal. Try to remember.

A—At that time he worked in Corozal, now he works in Barranquitas.

Q—Do you remember having testified on a previous occasion in relation to the facts of this same case in Bayamón?

A—Yes, sir.

Q—Where I was prosecuting attorney in the case?

A—Yes, sir.

Q—Please inform the Court if you . . .

MR. BAUZÁ TORRES:

I think that the colleague and I stipulated.

JUDGE:

Yes, because that and what you ask has been stipulated.

MR. ABREU CASTILLO:

There is a stipulation. We are not going to ask anything else about that.

JUDGE:

It is accepted, there is a stipulation offered in evidence.

MR. ABREU CASTILLO:

There is one point, Your Honor, that we would like to clarify. According to the records of the Department of Public Works it appears that the transfer was not made to Díaz, the transfer appears under the name of other persons, not of Félix Guillermo Díaz, but of José Colón.

MR. BAUZÁ TORRES:

That is not the best evidence.

MR. ABREU CASTILLO:

In this license which is here, this transfer did not have any juridical efficacy.

JUDGE:

Are you offering it?

MR. BAUZÁ TORRES:

If he accepted the transfer.

MR. ABREU CASTILLO:

I accepted that on the 9th the transfer was made.

JUDGE:

The document is admitted. Mark it as Exhibit No. 1 of the defendant, Félix Guillermo Díaz. The Court requires that the official document of the Secretary of Public Works concerning the transfer of that vehicle in particular be filed, irrespective of who the person is."

In compliance with the order of the court, the appellees, by motion notified to appellant's counsel, filed with the court, and was added to the record, a certification issued by the director of the Motor Vehicles Bureau to the effect that on the date of the accident the jeep vehicle appeared registered in that Bureau under appellant's name and that on August 22, 1965, the transfer of the same was legalized in favor of Mr. José Colón. Other subsequent transfers of said vehicle were also certified.

The trial court held appellant together with Félix Guillermo Díaz liable for the damages sustained by the

appellees because appellant was the "owner" of the vehicle since the latter appeared registered in the Department of Public Works under the appellant's name on the date of the accident.

Although it is true that it should be presumed that the person under whose name the motor vehicle appears registered in said Bureau is the owner of the same, it is not less true that that presumption may be overcome. *Méndez* v. *Lugo*, 68 P.R.R. 258, 262 (1948). The stipulation of the parties to the effect that "five days before the accident a transfer of said vehicle had been issued in favor of Félix Guillermo Díaz" had the effect of overcoming the said presumption in its entirety and of establishing that on the date of the accident the latter was the owner of the jeep vehicle. The contents of the certificate issued by the Director of the Bureau of Motor Vehicles does not set aside said stipulation to which reference was made various times during the course of the trial. It is possible that in the absence of such stipulation the appellant would have introduced documentary evidence of the transfer of the title of the vehicle to Félix Guillermo Díaz and evidence explaining the transfers of the same, certified by the Director of the Bureau. But, in view of the stipulation, such evidence was not necessary.

In view of the foregoing, and of the fact that the other defendant, Félix Guillermo Díaz, has not appealed, we need not consider the other assignments in connection with the amount of the damages and the comparative negligence attributed by appellant to appellee Díaz Cáceres.

Therefore, the judgment rendered by the trial court should be reversed insofar as it imposes liability on appellant and, in its place, another should be rendered dismissing the complaint against said appellant.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos took no part in the decision of this case.